IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-00277-DSC

| | |
|---|---|
| **RANDOLPH HALE,** | ) |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,**[1] | ) |
| **Defendant.** | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

The Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

---

[1] Kilolo Kijakazi is Acting Commissioner of Social Security and substituted as Defendant herein with no further action required pursuant to Fed.R.Civ.P 25(d) and Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

# I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on October 1, 2020. He assigns error to the Administrative Law Judge's failure to evaluate whether his use of a cane was medically necessary. He challenges the ALJ's evaluation of his symptoms and subjective complaints and her formulation of his Residual Functional Capacity ("RFC").[2] Plaintiff's "Memorandum …" at 1-13 (document #14); Plaintiff's "Response …" at 1-3 (document #17). Plaintiff also assigns error to the ALJ's failure to include the need to elevate his legs in his RFC. "Memorandum …" at 14-17; "Response …" at 3.

# II. DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[3] The Court has carefully reviewed the record, the authorities and the parties' arguments. The ALJ engaged in a well-reasoned credibility analysis (Tr. 18-19), as well as a thorough discussion of the medical records. (Tr. 16-23). The ALJ found that Plaintiff had the RFC to:

> lift or carry up to 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand or walk for up to 6 hours in each 8-hour workday with the ability to

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

change positions once or twice every hour without losing production. The claimant cannot climb ladders. He can frequently climb steps, balance, and kneel, he can occasionally stoop, crouch, and crawl. He must avoid concentrated exposure to cold, humidity, and vibrations. He must avoid moderate exposure to hazards.

(Tr. 18.) The ALJ included those limitations in the hypothetical she posed to the Vocational Expert. (Tr. 66-67).

A claimant's need to use an assistive device is evaluated under SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996) ("SSR 96-9p"), which requires Plaintiff to establish that a cane is "medically required." Timmons v. Colvin, No. 3:12-cv-00609-GCM, 2013 WL 4775131, at *8 (W.D.N.C. Sept. 5, 2013) (claimant bears burden of proof regarding use of an assistive device). Plaintiff must provide "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185 at *7. Subjective claims or reference to "examination findings regarding his lower extremities" are insufficient. Morrison v. Saul, 3:20-cv-00223-MOC, 2021 WL 795190, at *4 (W.D.N.C. Mar. 2, 2021) (requiring "medical documentation" that claimant required a cane and further describing the nature of claimant's use of the cane). At the hearing, Plaintiff testified that his doctor prescribed a cane following his 2015 motorcycle accident. (Tr. 59). But there is no prescription in the medical record.

Similarly, Plaintiff has failed to carry his burden to establish the need to elevate his legs throughout the day. In addition to his subjective complaints, Plaintiff points to the "check box" form completed by Dr. Karen Austin, his treating physician. Dr. Austin checked a box for "medically necessary for [Plaintiff] to recline or lie down during the day." (Tr. 1267-69.) The ALJ evaluated Dr. Austin's opinion and found it unpersuasive.[4] (Tr. 23.) The ALJ explained that

---

[4] For claims filed after March 27, 2017, the Commissioner has adopted a new framework for evaluating medical opinions. 20 C.F.R. § 404.1520c(a). The Commissioner no longer gives specific evidentiary weight to any medical

the opinion was unsupported by Dr. Austin's contemporaneous examination findings and inconsistent with other evidence in the medical record. Id. Plaintiff has not challenged this conclusion but still contends the ALJ should have included this limitation in the RFC. Where substantial evidence supports the ALJ's treatment of Dr. Austin's opinion and Plaintiff's subjective complaints, this assignment of error must be overruled.

The ALJ applied the correct legal standards and her conclusion that Plaintiff was not disabled is supported by substantial evidence.

### III. ORDER

**NOW THEREFORE IT IS ORDERED:**

1. Plaintiff's "Motion for Summary Judgment" (document #13) is **DENIED**; Defendant's "Motion for Summary Judgment" (document #15) is **GRANTED**; and the Commissioner's decision is **AFFIRMED.**

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: August 16, 2021

David S. Cayer
United States Magistrate Judge

---

opinion. Id. Rather, the Commissioner evaluates medical opinions by weighing multiple factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are most important in determining the persuasiveness of a medical source's opinion, and the Commissioner is not required to explain the consideration of the remaining factors. 20 C.F.R. § 404.1520c(b)(2).